# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DE'ANGELO HENDERSON,

        Petitioner,

v.                             CASE NO. 05-CV-74593-DT
                                 HONORABLE VICTORIA A. ROBERTS
CARMEN PALMER,               UNITED STATES DISTRICT JUDGE

        Respondent,
_____/

## OPINION AND ORDER DENYING THE
## MOTION FOR A STAY PENDING APPEAL

        This matter is before the Court on Respondent's motion for a stay pending the appeal of the Court's decision to grant habeas relief to Petitioner. For the reasons stated below, the motion for a stay is **DENIED.**

        On May 29, 2007, this Court granted Petitioner a conditional writ of habeas corpus, finding that the state trial court had violated Petitioner's Sixth Amendment right of confrontation by admitting the transcribed testimony of an unavailable witness from the co-defendants' preliminary examination against Petitioner at his trial, because Petitioner's counsel had never had an opportunity to cross-examine the witness and the totality of the circumstances did not establish any particular trustworthiness of her testimony. Under the terms of the grant, Petitioner is to be unconditionally released unless the State of Michigan takes action to afford Petitioner a new trial within ninety

days of the Court's order. Respondent has now moved this Court for a stay of the writ pending appeal. Petitioner's counsel has filed a response opposing the motion for a stay.

There is a presumption that a successful habeas petitioner should be released from custody pending the state's appeal of a federal court decision granting habeas relief, but this presumption may be overcome if the judge rendering the decision, or an appellate court or judge, orders otherwise. *Hilton v. Braunskill*, 481 U.S. 770, 774 (1987); *Workman v. Tate*, 958 F. 2d 164, 166 (6th Cir. 1992); *Burdine v. Johnson*, 87 F. Supp. 2d 711 (S.D. Tex. 2000); F.R.A.P. Rule 23(c). Because habeas proceedings are civil in nature, the general standards of governing stays of civil judgments should also guide courts when they must decide whether to release a habeas petitioner pending the state's appeal. *Hilton*, 481 U.S. at 776.

The factors regulating the issuance of a stay are:

(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;
(2) whether the applicant will be irreparably injured absent a stay;
(3) whether the issuance of the stay will substantially injure the other parties interested in the proceeding; and
(4) where the public interest lies.
*Hilton v. Braunskill*, 481 U.S. at 776; *Workman v. Tate*, 958 F. 2d at 166.

In determining whether to stay an order granting relief to a habeas petitioner, pending the state's appeal, federal courts are not restricted to consider only the petitioner's risk of flight, but are authorized to consider traditional stay factors, including the risk that petitioner would pose a danger to the public if released, the state's interest in continuing custody and rehabilitation of the petitioner, the interest of the habeas petitioner

2

in his or her release pending appeal, and the likelihood of the state's success on the merits of the appeal. *Hilton*, 481 U.S. at 777. The interests of the habeas petitioner in release pending appeal, while always substantial, will be strongest where these factors are the weakest. *Id.* at 777-78. The balance of factors relevant to determining whether a successful habeas petitioner should be released pending appeal may depend to a large extent upon a determination of the state's prospects of success in its appeal. *Hilton,* 481 U.S. at 778; *Workman*, 958 F. 2d at 166. Where the state fails to show either that it has a strong likelihood of success on appeal or can demonstrate a substantial case on the merits, the preference for release of the petitioner should control. *Hilton,* 481 U.S. at 778.

The Court declines to grant Respondent's motion for a stay of proceedings pending appeal in this case. First, and most importantly, Respondent is not entitled to a stay of proceedings pending appeal because she has failed to show either a strong likelihood of success on appeal or that she has a substantial case on the merits. *See Ward v. Wolfenbarger,* 340 F. Supp. 2d 773, 778 (E.D. Mich. 2004). First, as Petitioner's counsel notes in her response to the motion for a stay, Respondent did not present any argument in her answer in opposition to the petition which addressed the merits of Petitioner's Confrontation Clause claim. Indeed, in the opinion and order granting habeas relief, this Court noted at the outset it was "[u]nclear whether Respondent has addressed Petitioner's first [Confrontation Clause] claim at all in her answer. As discussed below, Respondent clearly does not address the merits of Petitioner's Confrontation Clause claim and it is far from obvious whether Respondent has even raised any procedural challenges to

3

Petitioner's first claim." *Henderson v. Palmer,* U.S.D.C. No. 05-74593-DT, * 7 (E.D. Mich. May 29, 2007). It appeared as though Respondent attempted to argue, in somewhat "conclusory and oblique fashion", that Petitioner's Confrontation Clause claim may have been procedurally defaulted because it had not been raised in Petitioner's state court appeals. *Id.* at * 7-8. The Court went on to find, for reasons stated in greater detail in the opinion, that Petitioner had, in fact, fairly presented his Confrontation Clause claim to the Michigan appellate courts and had therefore properly exhausted the claim. *Id.* at * 8-10. Most importantly, this Court ruled that because Respondent had failed to address the merits of Petitioner's Confrontation Clause claim in her answer, Respondent had waived any substantive defenses to the merits of the claim. *Id.* at * 11 (citing *See Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 828 (E.D. Mich. 2004); *modified on other grds,* 340 F. Supp. 2d 773 (E.D. Mich. 2004); *Dickens v. Jones,* 203 F. Supp. 2d 354, 361 (E.D. Mich. 2002)). The Court also noted in passing that "[R]espondent's failure to address this issue demonstrates a lack of respect for the Court, as well as a lack of regard for the gravity of the matters raised in this case[,]"*Id.,* at * 11, n. 4 (internal quotation omitted).

The Sixth Circuit has noted that "[i]t is well settled law that this court will not consider an error or issue which could have been raised below but was not." *Barner v. Pilkington North America, Inc.*, 399 F. 3d 745, 749 (6th Cir. 2005)(*quoting Niecko v. Emro Marketing Co.*, 973 F. 2d 1296, 1299 (6th Cir. 1992)(additional citations omitted).

By failing to address the merits of Petitioner's Sixth Amendment Confrontation Clause claim in her answer to the petition for writ of habeas corpus, Respondent has

4

waived appellate review of the issue by the Sixth Circuit. *See Caver v. Straub,* 349 F. 3d 340, 345-46 (6th Cir. 2003)(State failed to preserve for appellate review argument that habeas petitioner procedurally defaulted on ineffective assistance of appellate counsel claims, where state did not raise the argument before the district court); *Miller v. Collins,* 305 F. 3d 491, 497 (6th Cir. 2002)(State waived any argument it could have asserted that petitioner's motion in state court for relief from judgment did not toll the habeas statute of limitations, where state did not address that motion in either its response to the habeas petition or in its appellate brief). Because Respondent has waived appellate review of Petitioner's Confrontation Clause claim by failing to address the merits of the claim in her answer, Respondent is unable to show either a strong likelihood of success on appeal or that she has a substantial case on the merits.

Moreover, for reasons stated by this Court in greater detail in its opinion and order granting habeas relief, Respondent has failed to show that she has a substantial case on the merits. The Sixth Circuit has determined that the admission of the transcribed testimony of a witness from a co-defendant's trial violates a criminal defendant's Sixth Amendment right of confrontation. *See Dorchy v. Jones,* 398 F. 3d 783 (6th Cir. 2005). The Sixth Circuit's holding in *Dorchy* compelled this Court to grant habeas relief. Petitioner's counsel never had the opportunity to cross-examine the witness, London Terry, at the co-defendants' preliminary examination. Secondly, for reasons stated in greater detail in the opinion and order granting habeas relief, the totality of circumstances do not establish any particular trustworthiness of Terry's testimony, particularly where

5

neither of the co-defendants' attorneys had any incentive to elicit testimony from Terry that would have minimized or negated Petitioner's involvement in any cocaine delivery conspiracy with the co-defendants. This Court further noted that Terry's testimony from the co-defendants' preliminary examination was admitted pursuant to M.R.E. 804(b)(6), which states that for an extrajudicial statement to be admitted under the "residual hearsay" exception, it must be "more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts." The fact that this testimony was admitted pursuant to this hearsay exception renders any argument that her testimony was somehow inconsequential or insubstantial to be "unpersuasive and inconsistent." *Dorchy,* 398 F. 3d at 791.

Secondly, Respondent is not entitled to the issuance of a stay, because she has failed to show that she would be irreparably injured in the absence of a stay or that there would be any risk of harm to the public interest if a stay was not issued in this case. *Ward v. Wolfenbarger,* 340 F. Supp. 2d at 778. Although Respondent argues that a stay should be granted because Petitioner is serving a parolable life sentence for his convictions, because Respondent has failed to make a sufficiently strong showing that she is likely to succeed on appeal, Petitioner is entitled to release, even though the public's interest may weigh against it. *See Moore v. Calderon*, 56 F. 3d 39, 40 (9th Cir. 1995); *rev'd on other grds* 518 U.S. 149 (1996).

Most importantly, Petitioner would suffer irreparable harm each day that he would remain imprisoned in violation of the U.S. Constitution. Because "remedying such harm

6

is the very essence of the writ of habeas corpus," *Ward,* 340 F. Supp. 2d at 778 (quoting *Burdine*, 87 F. Supp. 2d at 717), respondent is not entitled to the issuance of a stay pending appeal.

## **ORDER**

**IT IS ORDERED THAT Respondent's Motion for a Stay Pending Appeal [Dkt. # 27] is DENIED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: July 6, 2007

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on July 6, 2007.

s/Carol A. Pinegar
Deputy Clerk

---